# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FLOYD LYNTELLIS GARRETT,<br><br>　　　　　Defendant. | Case No. 95CR1149-H<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR RELIEF (Doc. No. 204.) |

On July 18, 2016, Defendant Floyd Lyntellis Garrett ("Defendant") filed a document entitled "Request for Certificate of Court" under Title 28 U.S.C. §§ 1495 and 2513, seeking a certificate of innocence. (Doc. No. 204.) The Defendant also seeks approximately $450,000 in money damages under 28 U.S.C. § 2513(e). On July 25, 2016, the Court issued an order directing the Government to file a response to the Defendant's request for a certificate of innocence. (Doc. No. 205.) On August 25, 2016, the Government filed its response in opposition to the Defendant's request. (Doc. No. 206.)

Under 28 U.S.C. § 2513(a)(1), the Defendant would be required to prove, among other things, that his "conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated

ground of innocence and unjust conviction". In this case, the United States Court of Appeals for the Ninth Circuit affirmed the Defendant's conviction. <u>United States v. Garrett</u>, 179 F.3d 1143 (9th Cir. 1999) (en banc). And United States Supreme Court denied the Defendant's petition for writ of certiorari. <u>United States v. Garrett</u>, 528 U.S. 978 (1999). Thus, the Defendant cannot show that his conviction in this case was reversed or set aside as required by 28 U.S.C. § 2513(a) and therefore is not entitled to a certificate of innocence.[1]

Accordingly, the Court denies the Defendant's request for a certificate of innocence in this case and his request for money damages.[2]

IT IS SO ORDERED.

DATED: <u>March 23, 2017</u>         _____
                                    HONORABLE MARILYN L. HUFF
                                    UNITED STATES DISTRICT JUDGE

Service to:   Floyd Lyntellis Garrett
              Register No. 45563-198
              Metropolitan Correctional Center
              808 Union Street
              San Diego, CA 92139

---

[1] The Court rejects the Defendant's other arguments. See <u>Beckles v. United States</u>, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017); <u>see also</u> <u>People v. Swain</u>, 33 Cal.App.4th 499 (1995).

[2] The Court notes that a request for a certificate of innocence is properly initiated through the filing of a separate civil case. See <u>Betts v. United States</u>, 10 F.3d 1278, 1283 (7th Cir. 1993) ("A certificate of innocence serves no purpose other than to permit its bearer to sue the government for damages—a quintessentially civil action."); <u>see also</u> <u>United States v. Grubb</u>, 773 F.3d 726, 728 n.1 (6th Cir. 2014) ("Courts examining 28 U.S.C. § 2513 have agreed that requests for a certificate of innocence are in essence civil proceedings, where the individual seeking the certificate is in the position of the plaintiff.") Additionally, a defendant may not use a criminal case to bring a civil or administrative claim against the government or any other individual. <u>See generally</u> Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts"); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.") Furthermore, initiation of a civil proceeding also requires, among other things, the payment of the filing fee under 28 U.S.C. § 1914 or a motion to proceed in forma pauperis under 28 U.S.C. § 1915. Nevertheless, the Court addresses the merits in this order.